UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOANNE DUBUS | CIVIL ACTION NO. 22-0310 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COMMISSIONER OF SOCIAL SECURITY, ET AL | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 26) filed by Plaintiff Joanne Dubus ("Dubus"). Dubus seeks summary judgment as there are no questions of fact or law regarding the debt owed by Defendant, Commissioner of Social Security ("the Commissioner"). The Commissioner filed an opposition to the motion. See Record Document 30. For the reasons set forth below, the Motion for Summary Judgment is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is a procedurally unusual mandamus action arising out of a Social Security Benefits claim. Dubus has been legally deaf since birth and on Social Security Disability Benefits for over 30 years absent the few years that her benefits were wrongfully terminated based upon substantial gainful activity (SGA) earnings. See Record Document 26-6 (Affidavit of Joanne Dubus in Support of her Motion for Summary Judgment) at 1-2. On July 9, 2021, Social Security Administrative Law Judge ("ALJ") Kathleen Molinar ("Judge Molinar") directed the Commissioner to refund Dubus $41,760.00 in back due benefits owed to her and to determine and refund any other amounts erroneously withheld

from Dubus or her dependent son, and refund those amounts as well. See Record Document 26-3 (Social Security Administration Notice of Fully Favorable Decision).

After counsel for Dubus made multiple attempts to get the Commissioner to pay the back due benefits and other amounts due, Dubus filed this suit in January 2022 to enforce Judge Molinar's judgment. See Record Document 1 at 1-3. The Commissioner initially moved to dismiss Dubus's claims as not authorized by 42 U.S.C § 405(g). See Record Document 11. In a June 2022 ruling, the Court rejected the Commissioner's argument and found that Dubus stated a claim for mandamus in seeking to enforce the judgment for back pay benefits. See Record Documents 16 & 17.

The Commissioner again moved to dismiss this case on the grounds that because it has paid back due benefits in an amount determined in a recalculation done after the ALJ's ruling, the mandamus action was no longer valid. See Record Document 29. In an August 2023 ruling, the Court rejected this argument as well. See Record Document 36. The Court now considers Dubus' Motion for Summary Judgment filed on May 10, 2023.

**LEGAL STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). To satisfy this burden, the nonmovant must identify specific evidence in the record, and articulate the "precise manner" in which that evidence supports the claim. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). Unsupported allegations that are conclusory in nature are insufficient to avoid summary judgment. See Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The nonmovant cannot rely on some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. See id.

**ANALYSIS**

As stated above, the Court previously found that it could exercise mandamus jurisdiction over this matter under the Mandamus and Venue Act, 28 U.S.C. § 1361. See Record Document 16 (citing Williams v. Saul, No. 20-51, 2020 WL 4228163 (E.D. La. Jun. 9, 2020). Dubus seeks summary judgment in her favor and for the Court to order the Commissioner to pay the remaining balance of $21,734.30, and to pay her son and dependent minor child all amounts remaining owed to him, as well as for all general and equitable relief. See Record Document 26 at 3. Specifically, she states that the Commissioner has no legal or factual basis for not paying the rest of the Judgment it owes to her and her minor son. See id. The Commissioner states that Dubus' request for an "alternative amount" in her motion (1) seeks relief that this Court cannot grant under mandamus jurisdiction, and (2) represents an implicit concession that she cannot meet her burden of showing the three elements necessary to establish entitlement to mandamus relief. Record Document 30 at 2.

Section 1361 provides that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is, however, "an extraordinary remedy." Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir. 1998). "Before mandamus is proper, three elements must generally co-exist. A plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." Green v. Heckler, 742 F.2d 237, 241 (5th Cir. 1984). In expounding upon these requirements, the Fifth Circuit has explained that mandamus is proper "only when the plaintiff's claim is clear and certain and the duty of

the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992) (quoting Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983)) (internal quotation omitted). Thus, the party seeking mandamus bears a "heavy burden" of establishing its entitlement to such extraordinary relief. Dresser v. Ohio Hempery, Inc., 122 Fed.Appx. 749, 755 (5th Cir. 2004).

In Wolcott v. Sebelius, the Fifth Circuit reversed and remanded the dismissal of a claim regarding Medicare benefits in which the plaintiff asked for mandamus to compel the defendants to process and pay claims that had been successfully appealed in accordance with final administrative decisions. See 635 F.3d 757, 768 (5th Cir. 2011). The defendants, like the Commissioner seems to do here, argued although that they had a nondiscretionary duty to pay a successfully appealed claim, they merely exercised their discretion in determining the amount of payment due by issuing one payment to each patient/service-date combination listed. See id. at 769. Defendants stated that the plaintiff could have appealed the amount of payment because an amount of payment determined by a contractor in effectuating the ALJ's decision was a new initial determination under § 405.924. See id. (citing 42 C.F.R. § 405.1046(c)). They additionally argued that the plaintiff could have requested a "reopening" which is a remedial action taken to change a binding determination or decision that resulted in underpayment. See id. (citing 42 C.F.R. § 405.980(a)).

The Court found that the plaintiff properly stated a claim for mandamus as it had a clear right to relief and that the defendants had a clear nondiscretionary duty to act, and that neither the appeal nor "reopening" were adequate alternative remedies. Id. at 770.

Following remand, the district court in Wolcott ordered the parties to file motions for summary judgment if a dispute remained as to whether payment had been made on the claims that had been successfully appealed. See Wolcott v. Sebelius, 497 Fed.Appx. 400, 403 (5th Cir. 2012). The plaintiff failed to timely file a motion pursuant to the district court's order. However, the defendants did file a motion for summary judgment arguing and providing evidence that the plaintiff failed to demonstrate a right to mandamus relief because the Medicare claims as reflected in the ALJ decision had already been paid since the case had been remanded, and the claim was therefore moot. See id. The district court granted summary judgment in favor of the defendants, and the plaintiff appealed. See id. at 404.

The Fifth Circuit found that the plaintiff had failed to satisfy the burden it carried in seeking mandamus relief, as he provided nothing to the district court to support its allegation that successfully appealed Medicare claims remained unpaid by the defendants. See id. at 406. The court noted that while its original decision found that the plaintiff's claim was supported by the fully favorable ALJ decision, the defendants' summary judgment motion included evidence demonstrating that all claims subject to that ALJ decision had already been paid. See Wolcott, 497 Fed.Appx. at 406. The court affirmed the district court's dismissal of the plaintiff's claim. See id. at 407.

Here, the Court finds that Dubus has met her burden as required for mandamus relief. The Commissioner argues that Dubus' request that this Court award her an "alternate amount" than that provided in the ALJ decision clearly demonstrates the absence of "a clear right to the relief sought" under mandamus jurisdiction. Record Document 30 at 2. It argues, without citing to authority, that if Dubus cannot show that

she is entitled to a payment of exactly $41,760.00, mandamus relief cannot be available due to a lack of clarity in the specific relief owed. See id. It is undisputed that the ALJ granted a fully favorable decision whereby Dubus is owed $41,760.00. See Record Document 26-3. This decision became final after neither party appealed. See id. at 2. Dubus does not request an "alternative amount," rather, she seeks enforcement of the ALJ decision in payment of the remaining amount. Dubus has stated a clear right to the relief sought.

The Commissioner asserts that Dubus' acknowledgement that she has been remitted payment of past-due benefits demonstrates that the second element of a "clear duty on the part of the defendant to do the act in question" is not present because there is no longer a clear duty on the part of the Commissioner to remit the specific amount of $21,734.30. Record Document 30 at 3. The Court disagrees. In a previous ruling on the Commissioner's first motion to dismiss, the Court noted that because the Commissioner is an officer or employee of the United States or its agency, the payment of an award found owed by the ALJ is a nondiscretionary duty. See Record Document 16 at 5. Additionally, the Commssioner concedes that it does owe a duty regarding the payment of Dubus' past due benefits but reiterates its argument that she is entitled to the specific amount in the ALJ decision or no relief at all. See Record Document 30 at 3.

The Court additionally stated in its ruling on the Commissioner's second motion to dismiss, "the Commissioner failed to cite any record evidence or legal authority permitting the Agency to recalculate benefits after the ALJ has established an amount of benefits owed." Record Document 34 at 4. Likewise, the Commissioner has provided no competent summary judgment evidence or authority on the issue here. Dubus provided

both letters in which the Commissioner identified the amounts Dubus and her minor son were to be paid. See Record Documents 26-4 (Letter to Joanne Dubus Awarding $20,025.70 in Past Due Benefits) & 26-5 (Letter to Christopher Dubus Awarding $11,611.00 in Past Due Benefits). Neither letter provides any clarity as to the discrepancy in the amount paid and the amount the Commissioner was directed to pay by Judge Molinar. See id.

The Commissioner then argues under the third element that Dubus cannot show that there is "no other adequate remedy available" because the notices sent to Dubus stated that she could appeal the Commissioner's recalculation of her past-due benefits. Record Document 30 at 3. As previously stated, Dubus complied with the administrative remedies procedure until she obtained a fully favorable decision from the ALJ on July 9, 2021. See Record Document 26-3. The Court noted in response to the Commissioner's second Motion to Dismiss that it would "not require Dubus to separately administratively appeal the Agency's *post hoc* recalculation." Record Document 34 at 4. The recalculation does not appear to be a "new initial determination" under § 405.924, as the Judge Molinar made the finding as to the amount of payment due. 42 C.F.R. § 405.1046(a)(3). Additionally, neither ground for "good cause" for "reopening" is applicable here. Wolcott, 635 F.3d at 770. Like the Wolcott plaintiff, Dubus does not want the ALJ to revise its decision given that the decision was in Dubus' favor. See id.

The record establishes that the full amount owed to Dubus pursuant to the fully favorable ALJ decision issued on July 9, 2021 (Record Document 26-3) remains unpaid and she has met her burden in seeking mandamus relief. Thus, there is no genuine issue of material fact.

**CONCLUSION**

Based on the reasons explained above,

**IT IS ORDERED** that Dubus' Motion for Summary Judgment (Record Document 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that a Writ of Mandamus is **GRANTED** directing the Commissioner to refund the remaining amount owed to Dubus, and to determine and refund any other amounts erroneously withheld from Dubus or her dependent son, and refund those amounts as well, pursuant to Judge Molinar's decision. See Record Document 26-3.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of August, 2024.

S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT